IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUELINE A. WALKER,  )  <br>  )  <br>  Plaintiff, )  <br>  )  <br> v. )  <br>  )  <br> PANHANDLE COMMUNITY )  <br> SERVICES, )  <br>  )  <br>  Defendant. )  <br>  ) | 8:03CV484  <br><br> MEMORANDUM AND ORDER |

This matter is before the court on defendant's motion for summary judgment. Filing No. 21.[1] Plaintiff, who is white, has filed this complaint alleging that defendant discriminated against her in her employment on the basis of her race in violation of Title VII, 42 U.S.C. § 2000e and 42 U.S.C. § 1981. Filing No. 1. Defendant denies these allegations. Filing No. 5. The court has carefully reviewed the record, briefs in support and in opposition, the indices of evidence, and the relevant case law and concludes that the motion for summary judgment shall be denied.

### Standard for Summary Judgment

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322,

---

[1]This is defendant's second motion for summary judgment. See Filing No. 13. The court previously denied defendant's motion for failure to file evidence in support of the request  Filing No. 18. The court then permitted defendant to renew his motion. Filing No. 20.

1326 (8th Cir. 1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Summary judgment motions must be carefully used in an employment discrimination case, and the court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Smith v. St. Louis Univ.*, 109 F.3d 1261, 1264 (8th Cir. 1997). However, summary judgment is

appropriate when there is no factual dispute on an essential element of a claim. *Id.* at 1267-68.

## Discussion

Defendant employed plaintiff to work in its migrant school program. This program served as a daycare and to educate children whose parents temporarily resided in Nebraska as migrant workers. Defendant hired plaintiff on May 2, 1998, during the summer months, to teach these children. The top managers of the defendant are not Hispanic, although the majority of the supervisors, including plaintiff's supervisor, are Hispanic. In addition, there are a number of volunteers. Plaintiff's classroom contained between fifteen and twenty children, and she had two assistants. Plaintiff contends that either a child or a fifteen-year-old volunteer hooked another child to a desk by his belt loop with a carabiner. She claims that an Hispanic aid walked in and saw this child hooked by his belt loop, and thereafter, the defendant discharged her. Other Hispanic workers, argues the plaintiff, were permitted to drive the school bus while drinking alcohol and were permitted to more harshly discipline children, and the defendant did not discharge these employees for such actions. Further, argues plaintiff, her co-workers talked in Spanish about her in an inappropriate way. Defendant contends that it discharged plaintiff because of the discipline incident, not because of her race.

The analysis used in a Title VII case, 42 U.S.C. § 2000, is also applicable to a § 1981 claim. *Leiting v. Goodyear Tire & Rubber Co.*, 117 F. Supp.2d 950, 955 (D. Neb. 2000). Defendant contends that the plaintiff has failed to state a cause of action because she cannot establish any evidence of an intent to discriminate on the part of defendant

under the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1972).

A prima facie case of discrimination requires the plaintiff to establish that she 1) is a member of a protected class; 2) was qualified to perform her job; 3) suffered an adverse employment action; and 4) was treated differently than similarly situated people. *See Schoffstall v. Henderson*, 223 F.3d 818, 825 (8th Cir. 2000) (*citing Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999)). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

The plaintiff must first establish a prima facie case of race discrimination. Plaintiff, a white female, alleges that she has been discriminated on the basis of her race by her Hispanic supervisor. In reverse discrimination cases, a plaintiff must also show that the facts and circumstances support the unusual claim that the employer has discriminated against the majority. *Woods v. Perry,* 375 F.3d 671, 673-74 (8th Cir. 2004); *Duffy v. Wolle,* 123 F.3d 1026, 1036 (8th Cir. 1997). In her affidavit, plaintiff listed several examples of measures taken by her co-workers that, if true, could be construed as discrimination. Filing Nos. 15 and 28. These allegations include different disciplines for her and Hispanic teachers who had allegedly punished children in the same way. I conclude that this is sufficient to establish the first element of plaintiff's claim. Second, plaintiff is a teacher who

has both her bachelor and master degrees in education with specialization in early childhood education. Plaintiff had been teaching in defendant's migrant program from 1999 through 2002. I conclude that plaintiff has established that she is qualified for the position. Third, defendant discharged plaintiff from her employment. Thus, she has suffered adverse consequences. Fourth, plaintiff contends that similarly situated Hispanic teachers and Hispanic aids were treated differently than plaintiff, as set forth in her affidavit and in her brief. Her affidavit is sufficient to establish this element of her prima facie case. I conclude that the evidence presented by the plaintiff is sufficient to establish her prima facie case of discrimination on the basis of race. The burden now shifts to the defendant to establish a legitimate reason for the termination.

The defendant contends that defendant discharged plaintiff because she allowed a child to be hooked to a chair. The decision, according to defendant, had nothing to do with race. It is clear from the evidence submitted that defendant clearly articulated a reason for terminating plaintiff. *See* Filing No. 23, Index in Support of Summary Judgment, Testimony of Melissa Konopnicki (witnessed restrained child); Daniel Henderson (unsigned statement that he told plaintiff he was going to hook a child to the chair); Celena LeVasseur (witnessed restrained child). The court finds that the evidence submitted by the defendant meets its burden of establishing a nondiscriminatory reason for the actions taken to terminate the defendant.

The burden now shifts to the plaintiff to show that the reasons given by the defendant are in fact a pretext for race discrimination. Plaintiff contends that there is a culture at the defendant's business that caused discrimination against her because she is white. Further, she asserts that the statement of Daniel Henderson relied upon by the

5

defendant is not executed by him. In her affidavit, plaintiff points to two examples of employees who were of Hispanic descent, one who drank and drove children, and one who restrained an out-of-control child with towels, neither of whom were disciplined. Filing No. 28, Ex. 1, Affidavit of Walker. Ann Henderson testified in her affidavit that in her capacity as a nurse she overheard conversations with the administrators about their desire to get rid of the plaintiff. Henderson indicates that she believes the management tried to find reasons for the dismissal of the plaintiff. On the day in question, Ann Henderson states that she entered the classroom and found no distress or problems. Further, she testified that she is Daniel Henderson's mother and the statements attributed to her son and given to the review board and used in this motion for summary judgment do not accurately reflect Daniel Henderson's version of the events which occurred that day. Filing No. 28, Ex. 2, Affidavit of Ann Henderson. The court finds that plaintiff has provided sufficient evidence of pretext to meet her burden at the summary judgment stage of this proceeding. Consequently, defendant's motion will be denied.

THEREFORE, IT IS ORDERED that the defendant's motion for summary judgment, Filing No. 21, is denied.

DATED this 3rd day of June, 2005.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE

6